## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STEVAN J. SCHOEN,

    Plaintiff,

v.                                                          No. Civ. 08-0687 JOB/WDS

PRESBYTERIAN HEALTH PLAN, INC.,

    Defendant.

*consolidated with*

STEVAN J. SCHOEN,

    Plaintiff,

v.                                                          No. Civ. 08-0970 JOB/WDS

PRESBYTERIAN HEALTH PLAN, INC.,

    Defendant

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's (i) Motion to Remand, filed August 8, 2008 in case number CIV 08-0687 JB/WDS (Doc. 6); and (ii) the Plaintiff's Motion to Remand, filed October 27, 2008, in case number CIV 08-0970 JB/WDS (Doc. 8). The primary issues are: (i) whether Defendant Presbyterian Health Plan, Inc. ("Presbyterian") has established a right to removal of all claims in both cases to federal court by asserting preemption under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") as a defense to Plaintiff Stevan J. Schoen's state-law claims for unfair insurance practices; and (ii) whether the Court must remand Schoen's petition for judicial review of a final state-administrative-agency order to state court for lack of subject-matter jurisdiction. Because Presbyterian did not

waive its right to litigate in federal court Schoen's state-law claims for unfair insurance practices and for unfair acceptance and retention of insurance premiums presented in Counts II and IV of case number CIV 08-0687 JB/WDS, and did not waive its right to litigate his claim for unfair insurance practices presented in Count I of his Complaint in case number CIV 08-0970 JB/WDS, and because ERISA completely pre-empts the claims for unfair insurance practices, the Court concludes that Presbyterian properly removed the two cases and will deny in part the motions to remand and give Schoen an opportunity to amend his complaint to properly plead the claims under ERISA. Because, however, the Court concludes that Presbyterian waived its right to have a federal court determine whether Schoen was entitled to reimbursement for expenditures paid to out-of-plan physicians and hospitals, and because this Court does not have original subject-matter jurisdiction to review the final state-administrative-agency orders that conclusively determined that issue, the Court must remand Count I of Schoen's Appeal and Complaint in case number CIV 08-0687 JB/WDS.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed. Schoen was insured by Presbyterian through his law firm's employee health-benefits plan. ERISA governs this plan.

After Schoen was diagnosed with prostate cancer, he consulted with several physicians and chose to have a robotic-assisted radical prostatectomy ("RARP") performed by an experienced out-of-state surgeon, who was not designated as one of Presbyterian's plan-approved surgeons. Presbyterian initially refused to pay for any of the costs of the surgery and follow-up care and required Schoen to file a formal grievance of its decision with the New Mexico Public Regulation Commission ("Commission"), through the state's Department of Insurance ("DOI"). See CIV 08-0687 JB/WDS, Doc. 12, Exhibit 2.

The Commission convened an External Review Panel ("Panel") to hold a formal hearing,

take evidence, review the medical records, and determine if Schoen was entitled to reimbursement for the costs of his surgery and follow-up care under the terms of his employee health-benefits plan. After the November 27, 2007 hearing, in which Presbyterian fully participated and at which Schoen presented evidence that his surgery and care cost over $42,000.00, the Panel issued the following findings: (i) the RARP procedure is an accepted standard of care and treatment for prostate cancer that provides superior visualization of the gland area and that could result in fewer long-term complications and less blood loss; (ii) Schoen's pre-existing heart condition made it important to limit blood loss during surgery; (iii) Schoen had the right, after consulting with appropriate physicians, to choose the cancer treatment and the physician to provide that treatment; (iv) Schoen should have received the health benefits he was entitled to receive as an insured diagnosed with prostate cancer; and (v) Schoen was "entitled to receive a radical prostatectomy with an experienced surgeon." Id., Doc. 1, Exhibit 1, Attachment 1 at 1-2. The Panel concluded that Presbyterian "should pay what it would have paid had Mr. Schoen had a radical prostatectomy using in-network providers, including Presbyterian Hospital in Albuquerque, and the customary Albuquerque surgeon's and anesthesiologist's fees." Id. at 3. The Superintendent of Insurance ("Superintendent") issued an Order finding Presbyterian liable for such costs based on the Panel's recommendations. See id., Attachment 2 at 1.

The Superintendent subsequently ordered Presbyterian to submit to it a hypothetical calculation of costs for the surgery had the procedure been performed in Albuquerque. See id. Presbyterian did so, but it did not serve its calculations and supporting evidence on Schoen, and Schoen was never given an opportunity to rebut those calculations or evidence. When it submitted its calculations to the Superintendent, Presbyterian also "indicated to the Superintendent that [its] Order] . . . may have provided a remedy that exceeds ERISA-allowable remedies." Id. The

Superintendent issued an Order allowing Presbyterian to file a brief on the legal issue whether § 502(a) of ERISA allowed the Superintendent to fashion the remedy it had ordered. See Doc. 1, Exhibit 1, Attachment 2 at 1. The Superintendent granted Presbyterian's request for an extension of time in which to file the brief, but Presbyterian did not file a brief. See id. The Superintendent concluded that Presbyterian had failed to supply any legal analysis or basis warranting revision of its remedy. See id.

The Superintendent subsequently issued a final Order awarding Schoen $7,470.89 as total costs for the cancer surgery and care, noting that its Order was binding on both parties and that both parties had the right to judicial review of its order under NMSA 1978 § 59A-4-20(A) ("A party may appeal from an order of the superintendent made after an informal hearing or an administrative hearing. The appeal shall be taken to the district court pursuant to the provisions of Section 39-3-1.1 NMSA 1978."). Presbyterian did not appeal from that Order and tendered a check for that amount to Schoen.

Schoen, however, exercised his statutory right to judicial review in the state courts by timely filing his Appeal, in which he contends that the Superintendent's final administrative Order was arbitrary and capricious and in violation of due process because he was not given an opportunity to see, review, and rebut Presbyterian's hypothetical calculations and evidence that formed the basis of the final Order. See CIV 08-0687 JB/WDS, Doc. 5, Attachment 1 ¶ 18, at 4 ("Amended Appeal of External Review Order and Complaint for Unfair Insurance Practices and Attorney Fees"). He obtained an order in the state-district court to deposit the funds Presbyterian had tendered to him into the court's registry pending resolution of the Appeal. See id. Doc. 3, Exhibit 2.

Schoen also included in the amended document containing his Appeal a new Complaint

alleging a separate claim for damages for unfair insurance practices and requesting attorney fees[1]. See id. Doc. 5, Attachment 1 ¶¶ 19-29 at 5-7. He also included a new claim for unfair acceptance and retention of insurance premiums. See id. ¶¶ 30-36 at 7-8. Presbyterian filed a Notice of Removal the day after Schoen filed his Amended Appeal and Complaint in state court, which Presbyterian did not receive until the day after it filed its Notice of Removal. Presbyterian has now submitted to this Court all documents that Schoen has filed in state court.

After Presbyterian refused to reimburse Schoen for the costs of follow up care, Schoen filed another Complaint in state court for unfair insurance practices. See CIV 08-0970 JB/WDS, Doc. 1, Exhibit 1, ¶¶ 1-20, at 1-4. Presbyterian also removed this case to federal court, and Schoen's two cases were consolidated. See id. Docs. 1, 14.

## LAW REGARDING ERISA PRE-EMPTION

Schoen has never challenged Presbyterian's assertion that his employee health-benefits plan is covered by ERISA. The Court, therefore, will proceed under the assumption that ERISA applies. 29 U.S.C. § 1332(a) provides, in relevant part, that: "A civil action may be brought [] (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(e) provides for concurrent state and federal jurisdiction of actions brought by a participant under 29 U.S.C. 1132(a)(1)(B).

29 U.S.C. § 1144, the express preemption section of ERISA, provides, in relevant part, that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." "A law 'relates to' an employee benefit plan, in the normal sense of the

---

[1] The request for attorneys fees under state law is listed as Count III in case number CIV 08-0687 JB/WDS.

phrase, if it has a connection with or reference to such a plan," Shaw v. Delta Airlines, Inc., 463 U.S. 85, 96-97 (1983), but § 1144 is not limited to "only state laws specifically designed to affect employee benefit plans," id. at 98.

In Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58, 64-67 (1987), the Supreme Court of the United States concluded that an ERISA pre-emption defense provides a sufficient basis for removal of a cause of action to the federal courts notwithstanding the traditional limitation imposed by the "well-pleaded complaint" rule. 481 U.S. at 63-66. The Supreme Court also held, however, that the scope of the "complete preemption" exception for removal is narrow and limited to state common-law or statutory claims that fall within ERISA's civil-enforcement provision of 29 U.S.C. § 1132(a)(1)(B), because "the legislative history consistently sets out this clear intention to make [§ 1132(a)(1)(B)] suits brought by participants or beneficiaries federal questions for the purpose of federal court jurisdiction. . . ." Id. at 66. The Supreme Court noted, however, it previously had held that, "ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." Id. at 64. Therefore, to come within the removal exception to the well-pleaded complaint" rule, a court must conclude that the state-law claim "should be characterized as a superseding ERISA action 'to recover benefits due to [the plaintiff] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in § 1132(a)(1)(B)." Wright v. Gen'l Motors Corp., 262 F.3d 610, 614 (6th Cir. 2001)(holding that ERISA did not pre-empt a complaint for unlawful termination due to race and sex discrimination and retaliation bought in state court, which included a request for damages for the proceeds of the plaintiff's late-husband's life insurance policy under his former employer's Health and Disability Benefit Program, and thus the complaint was not removable because it "is not a lawsuit claiming wrongful withholding of ERISA covered plan

benefits; it is a lawsuit claiming race and sex discrimination and retaliation resulting in damages, one component of which is a sum owed under the provision of the [employee-benefits] plan")(internal quotation marks omitted).

Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41 (1987), presented the question whether ERISA "pre-empts state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan." Pilot Life Insurance Co. v. Dedeaux, 481 U.S. at 43. The plaintiff's complaint in that case contained only state-law claims for fraud, tortious breach of contract and breach of fiduciary duties arising out of his insurance company's failure to pay disability benefits under the terms of the policy. See id. The Supreme Court noted that ERISA's purpose is to

> "protect . . . participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts."

481 U.S. at 44 (quoting 29 U.S.C. § 1001(b)). The Supreme Court also noted that, although a "saving clause excepts from the pre-emption clause laws that 'regulat[e] insurance,'" under 29 U.S.C. § 1144(b)(2)(B), "a state law that 'purport[s] to regulate insurance' cannot deem an employee benefit plan to be an insurance company." 481 U.S. at 45. Because the plaintiff's common-law causes of action for tortious breach of contract and breach of fiduciary duties were based on alleged improper processing of a claim for benefits under the plaintiff's employee benefit plan, the Supreme Court held that they were pre-empted under § 1144. See id. at 57.

Applying Pilot Life Insurance Co. v. Dedeaux, the United States Court of Appeals for the Tenth Circuit has held that ERISA completely pre-empts common-law or state-law statutory claims

for breach of contract, bad faith or unfair insurance practices because they conflict with ERISA's remedial scheme.  See Allison v. UNUM Life Ins. Co., 381 F.3d 1015, 1026 (10th Cir. 2004) (holding that plaintiff's breach-of-contract claim against her long-term-disability-benefits insurance carrier was pre-empted by ERISA because she sought consequential and punitive damages, which conflicted with ERISA's remedial scheme); Kidneigh v. UNUM Life Ins. Co., 345 F.3d 1182, 1184-87 (10th Cir. 2003)(holding that state-law claims for bad faith and loss of consortium were pre-empted); Kelley v. Sears, Roebuck & Co., 882 F.2d 453, 455-56 (10th Cir. 1989)(holding that ERISA pre-empted state-law claims brought under Colorado's unfair- insurance-practices statute, which is virtually identical to the New Mexico statute).  Accordingly, the United States District Court for the District of New Mexico has held that ERISA pre-empts claims for employee health-insurance benefits brought under the New Mexico Unfair Insurance Practices Act.  See Nechero v. Provident Life & Acc. Ins. Co., 795 F. Supp. 374, 380-81 (D.N.M. Apr. 21, 1992); Wexler v. Brokerage Servs., Inc., No. 88-1487-JB, 1989 WL 379862 (D.N.M. Oct. 18, 1989) (relying on Kelley v. Sears, Roebuck & Co. to conclude that ERISA preempts claims for misrepresentation and unfair claims practices pursuant to the equivalent sections of the New Mexico unfair-insurance-practices statute).

## LAW REGARDING FEDERAL REMOVAL JURISDICTION AND WAIVER

28 U.S.C. § 1441(b) provides for removal of an action from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law.  "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."  Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005).  The "party alleging jurisdiction," i.e., the removing defendant, must demonstrate

that removal is proper and that the federal court has original jurisdiction over the state case. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1287, 1290 (10th Cir. 2001). The presumption is "against removal jurisdiction." Martin v. Franklin Capital Corp., 251 F.3d at 1289. A plaintiff cannot concede to removal jurisdiction by failing to properly contest removal. See Laughlin v. Kmart Corp., 50 F.3d 871, 874 (10th Cir. 1995).

ERISA not only completely pre-empts state common-law and statutory claims related to employee health-benefit plans that seek to enforce rights under the policy, but ERISA's civil enforcement provision found in 29 U.S.C. § 1132(a)(1)(B) also displaces those claims. Complaints making such claims that are filed in state courts are removable to federal court under 28 U.S.C. § 1441(b) even when pre-emption is raised only as a defense and the federal cause of action does not expressly appear on the face of the complaint. See Metro. Life Ins. Co. v. Taylor, 481 U.S. at 64-67; Aetna Health Inc. v. Davila, 542 U.S. 200, 206, 221 (2004)(noting that state suit charging defendant with breach of his fiduciary duty to properly handle employee-benefits request is removable to federal court even if the complaint does not mention ERISA).

The Supreme Court has long held, however, that a federal district court does not have original jurisdiction over an appeal from a state administrative agency's final order. See Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 581 (1954). A federal district court "does not sit to review on appeal action taken administratively or judicially in a state proceeding" because state statutes cannot expand the jurisdiction of federal courts "to authorize such an appeal, Congress has provided none by statute, and the Federal Rules of Civil Procedure make no such provision." Id. (affirming dismissal of case in which the defendant who lost in the underlying state-administrative-agency action attempted to take appeal of final administrative order to federal court, and in which state

statute provided for appeal of administrative order only to state court). Thus, the United States Court of Appeals for the Tenth Circuit has repeatedly confirmed that "federal courts do not have jurisdiction to review administrative decisions of state agencies." Wilder v. Okla. Dep't of Human Servs., No. 97-5175,149 F.3d 1192, 1998 WL 255048, *1 (10th Cir. May 19, 1998)(unpublished). In Bush v. Real Estate Comm'n, No. 93-1196, 13 F.3d 404, 1993 WL 523198 (10th Cir. Dec.16, 1993)(unpublished), the Tenth Circuit stated:

> Displaying a confusion over the jurisdiction of federal courts, Ms. Bush contends on appeal that the district court erred in not reviewing the state administrative record of the proceedings leading to the revocation of her license. . . . [T]he review she alludes to was available to her only in the state proceedings, but she failed to take advantage of that remedy. It is not within the jurisdiction of federal courts to review the administrative decisions of state agencies.

Id. at *1(citing Anderson v. Colo., 793 F.2d 262, 263 (10th Cir. 1986)("It is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review.")).

In cases in which some of the causes of action in a complaint are removable as claims arising under the original jurisdiction of the federal courts but other causes of action do not and are not independently removable, 28 U.S.C. § 1441(c) provides that "the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." The Supreme Court has held that "the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is inappropriate." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). See Westinghouse Credit Corp. v. Thompson, 987 F.2d 682, 683-85 (10th Cir. 1993)(affirming district court's remand of pendent state-law claims and retention of jurisdiction over federal claims and noting that the district court's remand order was not reviewable).

The right to removal may be waived. See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir. 1999)(noting that a defendant who does not act within the statutory removal deadlines waives its right to remove the action to federal court). Cf. Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 & n.7 (10th Cir. 1998)(ruling, in response to assertion made in motion to remand that one of the defendants had waived its right to removal by moving for summary judgment in state court, "that a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal in the absence of adequate notice of the right to remove," and applying the principle, after plaintiff amended her complaint in federal court, that "once [the] plaintiff decided to take advantage of his involuntary presence in federal court to add a federal claim to his complaint he was bound to remain there")(internal quotation marks omitted)).

Numerous courts have held that, once a claim for enforcement of a federal right has been made in state tribunals, a defendant waives its right to removal by "demonstrating a clear and unequivocal intent to remain in state court." Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991). See Rothner v. City of Chicago, 879 F.2d 1402, 1415 (7th Cir. 1989). A clear intent to remain in state court may be shown by taking "substantial defensive action" before removal, see Aqualon v. Mac Equip., Inc., 149 F.3d 262, 264 (4th Cir. 1998); or by seeking a final determination on the merits of the case before removal, see Wolfe v. Wal-Mart Corp., 133 F. Supp. 2d 889, 893 (N.D.W.Va. 2001)(holding that filing a motion for summary judgment in state court constituted waiver). As the United States District Court for the Western District of Virginia stated in Sayre Enter., Inc. v. Allstate Ins. Co., 448 F. Supp. 2d 733 (W.D.Va. 2006):

> If a defendant could remove a case to federal court after a final and unfavorable determination had been made on the merits of the case in state court, he would be able to litigate the same case twice. This situation is precisely what must be avoided

in the interests of judicial economy, fairness, convenience, and comity.

Id. at 735. See Haynes v. Gasoline Marketers, Inc., 184 F.R.D. 414, 416 (M.D. Ala. 1999)(finding waiver where defendant argued and lost an issue in state court and then tried to remove the action to, in effect, appeal the adverse decision); Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1125 (D.N.M. 1998)(finding waiver of right to remove when defendant served discovery requests, made a motion to dismiss, and scheduled a hearing on the motion after it should have ascertained its removal right but before it filed its notice of removal). As to the timing of waiver, a defendant can waive the right to remove only by litigating after the case actually becomes removable. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999); 28 U.S.C. § 1446(b).

## ANALYSIS

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). Presbyterian properly removed the two entire cases because of the presence of Schoen's new claims of unfair insurance practices. The petition for review of the administrative agency's final order contained in Count I of case number CIV 08-067 JB/WDS was non-removable on its own, however, and the Court will remand the petition for review to state court because the Court does not have subject-matter jurisdiction over it and State law predominates the resolution of the claim.

### I. PRESBYTERIAN PROPERLY REMOVED SCHOEN'S NEW CLAIMS FOR UNFAIR INSURANCE PRACTICES TO FEDERAL COURT.

Schoen's claims for unfair insurance practices brought as Count II in case number CIV 08-0687 JB/WDS and in Count I in case number CIV 08-0979 JB/WDS, in which he seeks

reimbursement for the costs of his follow-up care after the issuance of the Superintendent's final order, and his claim for unfair acceptance and retention of insurance premiums brought in Count IV[2] of his amended complaint in case number CIV 08-0687 JB/WDS, are separate from his appeal of the final agency order and have not been litigated.  Presbyterian has not waived its right to remove those claims to federal court.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. at 354; 28 U.S.C. § 1446(b)(giving a defendant thirty days from service of an initial complaint in which to file a notice of removal).  These claims fall within the ambit of 29 U.S.C. § 1331(a)(1)(B) and are pre-empted, because Schoen is seeking to enforce his rights to proper processing of claims made under his employee health-benefits policy.  See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. at 43; Kelley v. Sears, Roebuck & Co., 882 F.2d at 455-56.  ERISA, therefore, completely pre-empts these claims and Presbyterian timely removed them to this Court.  See Metro. Life Ins. Co. v. Taylor, 481 U.S. at 64-67; Aetna Health Inc. v. Davila, 542 U.S. at 209.

Although Schoen contends that his claims for unfair acceptance and retention of insurance premiums are "primarily accounting matters" that may be resolved "without interpreting the benefits contract" and therefore are not completely pre-empted by ERISA, see CIV 08-0687 JB/WDS, Doc. 6 at 2, the Amended Complaint alleges that "Presbyterian accepted and retained the premiums under circumstances in which it would not be fair to keep the premiums without paying the insurance claims," see id. Doc. 5 at 9, ¶ 32.  This claim, therefore, challenges Presbyterian's conduct in processing his claims and is completely pre-empted by ERISA.  Insofar as Schoen also may be making a state-law claim for a refund of an overpayment remitted for duplicate premiums that does

---

[2] Presbyterian asks this Court to ignore Count IV because it did not know about it when it removed the case.  Schoen had, however, filed the amended complaint before removal.  There does not appear to be a sound reason thus to ignore Count IV in the Court's analysis.

not relate to the provision of employee health-care benefits and is not completely pre-empted, that claim would be a pendent claim that the Court may retain under its supplemental jurisdiction. See 28 U.S.C. § 1367(a).

## II.   THE COURT WILL REMAND THE APPEAL OF THE FINAL STATE ADMINISTRATIVE ORDER.

Federal district courts do not have original jurisdiction over appeals from final state-administrative-agency orders. See Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. at 581. As in Chicago, R.I. & P.R. Co. v. Stude, under the applicable New Mexico state statute, appeals from the final order of the Superintendent of Insurance may only be brought in state district court. See NMSA 1978 § 59A-4-20(A). On the other hand, Schoen's claim for benefits under his employee health-benefits plan is a federal question under 29 U.S.C. § 1331(a)(1)(B), see Metro. Life Ins. Co. v. Taylor, 481 U.S. at 64-67, and this Court and the state administrative agencies and courts had original concurrent jurisdiction over Schoen's claims for reimbursement, see 29 U.S.C. § 1331(e).

Because Presbyterian contractually required Schoen to first bring his reimbursement claims in a state administrative-agency quasi-judicial forum and litigated the issue to a final order that is binding on the parties and from which appeal lies only in the state courts, it demonstrated a "clear and unequivocal intent" to remain in state court regarding that issue, thereby waiving any right it had to force litigation of the matter in federal court. See Grubb v. Donegal Mut. Ins. Co., 935 F.2d at 59. Cf. Akin v. Ashland Chem. Co., 156 F.3d at 1036 & n.7. And after litigating the matter to a final order, Presbyterian waived its right to appeal in state court by failing to timely appeal from the final order. See City of Albuquerque v. Ryon, 106 N.M. 600, 602-03, 747 P.2d 246, 248-49 (1987)(holding that a defendant who does not timely appeal from a final administrative order issued by a quasi-judicial administrative tribunal waives its right to appeal or to later argue in a collateral

proceeding that the administrative tribunal erred). Accordingly, Presbyterian waived any right to remove the reimbursement claim because it had waived its right to federal-court jurisdiction.

Similarly, Schoen's appeal could be properly heard only in a court with statutory jurisdiction over the appeal, which was the state court. See Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. at 581. Presbyterian therefore also improperly removed Schoen's appeal to this Court. Presbyterian's remedy, if it believed the Superintendent erred in requiring Presbyterian to reimburse Schoen, was to take advantage of its statutory right of appeal in the state courts. Because the Court does not have jurisdiction to review the Superintendent's final administrative order, the Court will remand Count I of Schoen's complaint in case number CIV 08-0687 JB/WDS to state court.

Presbyterian contends that it "should not be stripped of its right to adopt a legal position -- especially one affecting its rights to federal question jurisdiction -- simply because of actions that it did or did not take during the events preceding the lawsuit," focusing on the fact that Schoen only recently filed his Complaint that contains both his petition for review and his separate claims for damages for unfair insurance practices in state court. See CIV 08-0687 JB/WDS, Doc. 8 at 4. Presbyterian does not take into account, however, the quasi-judicial nature of the adminstrative-agency proceedings and the binding effect of the final orders issued after a full-blown hearing regarding the issue whether Schoen was entitled to reimbursement of the costs of his cancer surgery. "When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." United States v. Utah Const. & Min. Co., 384 U.S. 394, 422 (1966). Although it now contends that it was "initially willing to pay the amount ordered by the [Superintendent] only as a matter of accommodation," CIV 08-0687 JB/WDS, Doc. 7 at 2, Presbyterian received what it demanded -- invocation of ultimate state-court jurisdiction over

-15-

final resolution of the issue of reimbursement by the New Mexico Superintendent of Insurance.  It cannot properly waive its right to appeal in the state courts and then seek reversal of that final order by removing Schoen's appeal to this Court, and asking this Court to

> find that the Final Order by the [Superintendent] is erroneous and contrary to law in that the [Superintendent] failed to find that Presbyterian's denial of coverage was appropriate, and, further, that the decisions and orders made by the [Superintendent] are outside any authority that the Superintendent] might have under ERISA to regulate insurance and are therefore preempted by federal law.

CIV 08-0687 JB/WDS, Doc. 7 at 2.  See Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. at 581.

**IT IS ORDERED** that Schoen's Motion to Remand in case number CIV 08-0687 JB/WDS (Doc. 6) is granted in part and denied in part and his Motion to Remand in case number CIV 08-0970 JB/WDS (Doc. 8) is denied.  Count I in case number CIV 08-0687 JB/WDS, which is his petition for review from the final state administrative order, is remanded to state court.  Additionally, Schoen will be given ten days from the filing of this Order to amend his state-law claims for unfair insurance practices and for improper retention of premiums based on failure to pay his claims to properly frame his causes of action to comply with the civil-enforcement provisions of ERISA.  The Court will retain jurisdiction over Schoen's request for attorney's fees on the unfair practices claims, but expresses no opinion at this time whether such a request complies with ERISA.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Stevan J. Schoen
Placitas, New Mexico

>*Pro Se Plaintiff*

Aaron C. Viets
Krystle A. Thomas
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

>*Attorneys for Defendant Presbyterian Health Plan, Inc.*